## BROWNELLER v COLE et

Ohio Appeals, 3rd Dist, Hancock Co

No 338.   Decided Oct 20, 1934

Fred R. Hover, Ada, and Blackford & Blackford, Findlay, for plaintiff.

Kinder & Downing, Findlay, and R. C. Cole, Findlay, for defendants.

### OPINION

By GUERNSEY, J.

The priority of the plaintiff's mortgage in point of time and of record, is conceded by the parties, and the sole question raised by the pleadings and the evidence is whether the plaintiff under the facts of the case, is entitled to have his mortgage reformed as against the defendants so as to correct the description to conform to the description in the deed from Kiene and his wife to the defendant Irvin H. Cole and Edna Schwartz Cole.

"The cause of the failure of a written contract to express the real agreement between the parties is, in the absence of fraud, not material. The mistake may be made by the parties themselves or by the scrivener who draws the instrument."

23 R.C.L. page 321.

"Reformation may be had not only in case where the mistake consists in the omission or insertion of words or clauses contrary to the intention of the parties, but in cases where the parties understood what language was contained in the deed, mortgage or contract, if they believed the description corresponded with the actual boundaries intended and were mistaken therein."

23 R.C.L. page 335.

The evidence in the case at bar conclusively shows that the parties to plaintiff's mortgage intended that the description therein should be identical with the description in the deed under which the mortgagors held the property, and whether the error in the description resulted from the mistake of the parties or from the mistake of the scrivener, is immaterial, as the mistake was of such character as will be corrected by a court of equity insofar as the parties to the instrument are concerned, and consequently there can be no question as to the right of the plaintiff to have reformation and foreclosure as against the defendants Irvin H. Cole and Edna Schwartz Cole the mortgagors.

There remains to be determined the question as to whether the plaintiff is entitled to such reformation as against the defendant Mrs. J. J. Cole, the subsequent mortgagee.

The recital in plaintiff's mortgage to the effect that the note secured thereby represents the balance of the purchase price for said premises, might alone be sufficient to place a subsequent mortgagee on inquiry as to the correct description of the premises covered by the mortgage and might operate as a reference to the description contained in the deed under which the mortgagors held the premises, as purchase money mortgages exist only where the premises covered thereby are identical with the premises to the purchase of which the purchase money is applied. But in the case at bar it is unnecessary to decide, and we do not decide, whether such reference amounted to notice to the subsequent mortgagee, of the description contained in the deed being the correct description of the premises covered by plaintiff's mortgage, as the mortgage to the defendant Mrs. J. J. Cole. (Olive B. Cole) in itself contained notice of the existence of plaintiff's mortgage on the premises mortgaged to her through the exception clauses hereinbefore set forth.

The defendant Mrs. J. J. Cole was therefore charged with actual notice at the time she took her mortgage, that the mortgage held by the plaintiff was intended to cover the premises described in her mortgage, and consequently that any variance in the description of the property in plaintiff's mortgage from the correct description contained in her mortgage was a result of a mistake of the parties. As she was charged with notice of such mistake, this case comes within the rule announced in the syllabus of **Strang v Beach et, 11 Oh St, 283,** as follows:

"Where a mortgage of real estate has been duly executed and recorded, a mistake in the attempted description of the mortgaged premises will be corrected in equity, not only as against the mortgagor, but also as against attaching creditors and judgment creditors of the mortgagor and purchasers under them with notice of such mistake."

The plaintiff therefore is entitled to have his mortgage reformed as against all of the defendants, by correcting the description therein to conform to the description in the deed to said premises under which the mortgagors claim title, and as reformed, foreclosed under decree finding the mortgage on the whole of said premises, as correctly described, superior to the mortgage lien of the defendant Mrs. J. J. Cole (Olive B. Cole) thereon.

This conclusion is in accord with the equities of the case as the plaintiff receives the benefit of the mortgage for which he contracted and the defendant Mrs. J. J. Cole receives the benefit of the mortgage for which she, as shown by her own mortgage, contracted, (that is, a mortgage on the premises described in her mortgage subordinate to the mortgage of plaintiff), and is not deprived of any right to which she is equitably entitled, but is only precluded from receiving an undue advantage by reason of the mistake in the description of the premises in plaintiff's mortgage.

The conclusion reached in this case is not in conflict with the decision in the case of **German National Bank v Bode, Guardian, 5 O.C.C. (N.S.) page 30,** as that decision relates to the rights of creditors without knowledge of mistake in description. Inferentially, that decision is an authority for the position we have taken, as in the opinion the case is distinguished from **Strang v Beach, 11 Oh St 283,** above referred to, by reason of the fact that in the Circuit Court case there was a finding that the creditor had no knowledge of any mistake.

The cases of **Bloom v Noggle, 4 Oh St 45,** and **Irwin v Shuey, 8 Oh St 509,** are not in conflict with the views expressed by us, as the Bloom case relates to the specific performance of an agreement to execute a mortgage, and the Irwin case relates to an instrument not properly executed as a mortgage, because not under seal; and the instrument under consideration in this case is not an agreement to execute a mortgage nor a defectively executed mortgage, but a mortgage properly executed in every respect, except as to the description of the property contained in the mortgage, and also properly recorded.

Decree will therefore be entered for reformation and foreclosure in accordance with the views hereinbefore expressed.

KLINGER, J, concurs.
CROW, PJ, dissents.

### DISSENTING OPINION

By CROW, PJ.

The essential facts in this case may be simply stated as follows: a mortgage of real estate was duly executed, delivered and recorded, and it and the promissory note payment of which was secured by the mortgage, were assigned to plaintiff who brought

suit in foreclosure. The mortgage conveyed premises not owned by the mortgagor, and also only a portion of premises owned by mortgagor, which portion consisted of part of an out-lot whereon was part of a dwelling house the remainder of which was on the other portion of the outlot owned by the mortgagor. Subsequent to the recording of plaintiff's mortgage the same mortgagor in consideration of prior indebtedness, and a contemporaneous liability from the mortgagor, arising out of the payment by the mortgagee of a note on which the latter was mortgagor's surety, executed and delivered a mortgage on all that part of the outlot owned by mortgagor, the property conveyed by said prior mortgage.

The only question for decision here, is whether the mortgage held by plaintiff, which we will refer to as the first mortgage, should be so reformed as to include that part of the real estate owned by the mortgagor, not embraced therein, which omitted portion is included in the subsequent mortgage to defendant Mrs. J. J. Cole, now Olive B. Cole, which instrument we will style the second mortgage.

The contract whereunder the mortgagor acquired the whole of the premises conveyed by the two mortgages, was not recorded, and there is no evidence tending to show that the second mortgagee when taking the mortgage, knew that said contract existed, or that it was the intention of the mortgagor and the mortgagee of the first mortgage, to include in the first mortgage any portion of the real estate not described within the first mortgage.

It could not be disputed that the first mortgagee or any subsequent holder of the first mortgage, could have reformation of that instrument so as to effectuate the intention of the mortgagor and mortgagee concerning the premises to be mortgaged, so far as the mortgagor would be concerned, but that is far from saying that the right of reformation could affect a mortgage subsequently duly executed, delivered and recorded, when the mortgagee had no knowledge of the mistake sought to be reformed against, or of the existence of the mortgage beyond such knowledge or notice as is shown solely by the record of the mortgage.

The only knowledge the mortgagee of the second mortgage in the case at bar, ever had of the first mortgage was that afforded by the record of the first mortgage.

It is true that the deed by which the mortgagor named in both the first and second mortgages, was recorded, but what principle of law required the second mortgagee to search the records for evidence of the title of her mortgagor? It is well settled that one may convey land the title to which he does not own, and such right may of course apply to conveyance by mortgage.

Sec 8542, GC, fixes the priorities of mortgages, in the order in which they are presented for record, and all the cases in Ohio which treat the subject, hold that the record of a mortgage constitutes constructive notice of the existence and contents of the mortgage. 27 Ohio Jurisprudence 345.

Wherefore the mortgagee of the second mortgage in the case at bar knew as a matter of law, from the record of the first mortgage, that the first mortgage affected the real estate described in that mortgage, and no other real estate, regardless of the record of the ownership of the title of the mortgagee of any other property, whether the latter adjoined the premises described in the first mortgage or not, or whether the description in the first mortgage conveyed only the part of the dwelling house or other structure.

The allusion in the second mortgage of the existence of the first mortgage, was in neither terms nor effect, anything other than an actual notice to the mortgagee of the second mortgage, of the existence of the first mortgage, containing as it did no words indicating a description of the premises conveyed by the first mortgage.

The case of **Strang v Beach et. 11 Oh St 283**, which the majority of the court use as their guide to the decision of the instant case, contains no feature whatsoever similar to the facts present in this case excepting that there was a valid mortgage duly recorded, wherein the description of the real estate conveyed was incorrectly stated. Plaintiff there brought suit in foreclosure of a judgment pursuant to the order of attachment, making one Beach a defendant, who pleaded that his mortgage was duly recorded prior to the seizure of the premises under the order of attachment, and that subsequently Beach foreclosed his mortgage with the result that he purchased the premises at the sale in foreclosure, went into possession of the same, and that he and those claiming under him occupied the premises from the time he purchased the same; that by mistake his mortgage did not correctly describe the premises sought to be conveyed by the mortgagor to him, and that the same mistake ran through the proceedings in foreclosure of his mortgage, and his deed to the premises; and that the real estate seized under the order of attachment and the subject of the decree and order of sale in foreclos-

ure, in favor of plaintiff were the same lands which were intended by his mortgagor and himself to be conveyed by the mortgage to him; that neither the mortgagor nor himself knew of the mistake in the description until after plaintiff's suit was commenced but that plaintiff at the time he issued his attachment had knowledge of the mistake and of all the defendant's rights in the land, and he prayed that he be decreed to hold the land free from the lien of the plaintiff, and for general relief.

The case turned on a general demurrer of plaintiff to Beach's pleading, which as is stated at page 286, relieved the court of any inquiry as to the facts as well as any question relating to the degree of evidence necessary to the proof of any fact pleaded, the demurrer admitting as it did the fact of the mistake and that plaintiff when he levied his attachment knew of the mistake and all of Beach's rights in the land. The court held that the demurrer should be overruled, the effect of which decision was to entitle the mortgagee, Beach, to take precedence of the lien acquired by the attachment. In other words, Beach, the mortgagee, owner and possessor of the land by virtue of the sale to him in foreclosure, was entitled to have his title quieted as against the lien of the attachment and judgment of the plaintiff.

A case less valuable as a precedent, than the one followed by the majority could hardly be found in view of the presence there of knowledge of the fact by the plaintiff, the attaching creditor, when his attachment was levied, that there was a mistake in the mortgage of defendant, and that the mortgagor and mortgagee were both ignorant of the mistake.

It should always be borne in mind that the law as pronounced in a case, should be understood in the light of the facts of the case, and consequently the Strang-Beach case was in its essence an action to quiet title and the court held that as against a general demurrer defendant was entitled to that relief by way of reformation directed to mistake in description of lands mortgaged and judicially sold to defendant.

The case was remanded to the court below with leave to plaintiff to answer the pleading (cross-petition) of defendant Beach, to the end that plaintiff might controvert the existence of the mistake and his knowledge of it.

The judgment in the instant case should, in my opinion, be for defendant Olive Cole, on the issue of reformation.